PEAKE v. PEAKE.

1. The verdict of a jury upon issues referred to them out of chancery is entitled to great weight, but is not absolutely binding upon the conscience of the Judge who hears and decides the case.
2. Upon the trial of the case by the Court after such verdict, the Judge has the *power* to hear further testimony upon the issues considered by the jury.
3. After a verdict on issues referred certified to by the Judge presiding, with his own approval of the findings, judgment cannot be entered up on the law side of the court in accordance with such verdict, but there must be a further hearing of the cause by the Court on its equity side.

Before FRASER, J., Abbeville, November, 1881.

At the hearing of this appeal Hon. J. H. Hudson, of the Fourth Circuit, sat in the place of Mr. Justice McGowan, who had been of counsel in the cause.

The order of the Circuit Judge fully presents the case, and its statements will be found in the opinion of this Court. Continuing, the Circuit Judge thus gives the reasons which influenced his judgment:

To enable a judge properly to decide an issue of fact, he should have the right, when parties deem it necessary for their protection, to hear the testimony for himself, and even to see the witnesses. If he is to render a judgment on the law and the *facts*, he ought not only to hear the testimony and see the witnesses, but he ought to have control and direction of the whole question of the introduction and the admissibility of evidence. When the testimony is taken by the Master or Referee, these matters can be reviewed on exception. There can be no exception to the admissibility of the evidence taken by another Judge, and no appeal from his rulings to another Circuit Judge, though it has been the practice to order new issues or even the same issues to be again submitted to a jury, in order that their verdict *may aid* the Chancellor in a doubtful case The practice originated in cases where on hearing the evidence such doubt has arisen in the mind of the Chancellor as to induce

him to ask the aid of a jury. It seems to me not to be a mere question of practice but one of jurisdiction.

Now, there is no good reason why one Circuit Judge should be required, under an order for the trial of issues, to act as a Master of the court or a Referee to report the testimony, and the practice has never been to consider him bound " to state the evidence and give a *minute* history of the trial." See 2 *Dan. Ch. Prac.*, (1*st Am. Ed.*) *p.* 1305, *note C.* Judge Kershaw does not say in his certificate that he reports in full the *oral testimony*, but only " notes of oral testimony." From my own personal experience, I do not consider *notes* of testimony taken by a presiding Judge on a trial before a jury as sufficiently full and accurate to be relied on with entire confidence in a large majority of the cases in which issues are ordered. To hold that they must be received as the only testimony which can be used on trial, would make one Judge very little more than a clerk for another.

It was for this, and perhaps other reasons, held that " notwithstanding the verdict, the party against whom it was given has a right to proceed in his case." (*Story Eq. Jur.*, § 1479 *and note x*,) and that " a Chancellor may decide every question of fact for himself," (§ 376 *and note*.) It is for this reason that in some courts where parties ask for an issue of fact to be tried by a jury, the Court has put them on terms to agree beforehand to abide the result. See *Ansdell* v. *Ansdell*, 4 *Myl. & Cr.*, 449, 454. It may be that in some of the States the practice is, in all cases, to consider the finding of the jury as conclusive on the issues submitted to them, but such practice has not been adopted here. The language of the Court on this subject in *Sloan* v. *Westfield*, 11 *S. C.* 445, and other cases, is in conformity to what I think is the law in reference to these trials.

If we assume, as contended here, that by the Code and the rules of court parties have a *right to demand* an order for the trial of the issues of fact in an equity case before a jury, I do not find it anywhere laid down that the verdict is conclusive, or that the Judge has no right to hear the whole case on the testimony and exercise an original jurisdiction on hearing the whole case, when it is *his* duty under the Constitution and law ·

to render judgment on the law and the *facts.* Unless the will of the Legislature to restrict a Circuit Judge hearing an equity case as a Chancellor to the testimony taken before a jury on the trial of issues at second hand without seeing the witnesses and without any control over the process by which the testimony was introduced, was expressed in clear and unmistakable language, I would hesitate long before I would adopt such a construction of the Code or rules of court.

To hold that a Circuit Judge who hears an equity case after verdict on issues tried by a jury, is bound to render a judgment as proposed by the motion now before me, would seriously interfere with the jurisdiction conferred on him by the Constitution. The motion must therefore be refused with ten dollars costs.

From this order the assignees of Jennings, Smith & Co. appealed upon the following exceptions :

1. Because, under the Constitution, statutes, and rules of court of this State, the verdict of the jury in this case is final and conclusive as to the matters of fact submitted to them for determination by the order of the Court, and being in favor of said defendants upon all the issues of fact, it was error in the presiding Judge not to render judgment that the pretended mortgage of plaintiff is fraudulent and void as to said defendants, in accordance with the verdict of the jury.

2. Because, according to the English chancery practice and the chancery practice of this State, it was error in the presiding judge not to render judgment in favor of said defendants, based upon the verdict of the jury in favor of said defendants upon all the issues of fact submitted to them, accompanied with the certificate of Judge Kershaw that he saw no reason to be dissatisfied with said verdict.

3. Because it was error in the presiding Judge not to try the case upon the report of Judge Kershaw, his notes of the testimony taken on the trial of the issues, the depositions of witnesses examined by the Master and by commission, the verdict of the jury, the certificate of Judge Kershaw, and the other papers in the case.

4. Because it was error in the presiding Judge not to render

judgment in favor of said defendants in accordance with their motion, of which notice was duly given.

5. Because it was error in the presiding Judge to hold that he could not decide the case without having the witnesses before him.

Mr. *A. Burt,* for appellant.

Messrs. *W. H. Parker* and *L. W. Perrin,* contra.

May 27, 1882.    The opinion of the Court was delivered by

MR. JUSTICE HUDSON.    In the introduction of his decree the Circuit Judge makes the following statement:

"This case came before me at the Special Term of the Court of Common Pleas held for Abbeville County in November, 1881.    The action was brought to foreclose a mortgage given to James W. Peake, the plaintiff, by William H. Peake.    Jennings, Smith & Co., who had obtained a judgment against William H. Peake after the date of the mortgage, were made parties defendant, and in their answer alleged that the mortgage was fraudulent and void, and should be so adjudged, and proper relief given.    Since the commencement of the action there have been several transfers of interest from the original parties, which I presume have been properly provided for in the case as it now stands.    On February 4, 1876, the cause came up before his Honor Judge T. H. Cooke, and an order was made by him of that date, that certain issues of fact in reference to this allegation of fraud should be tried by a jury, and that the case should be placed on Calendar No. 1.    On February 7, 1881, at a term of the Court of Common Pleas held for Abbeville County, his Honor Judge Kershaw presiding, these issues were submitted to a jury, and a verdict rendered that the mortgage was fraudulent, and in favor of the defendants, Jennings, Smith & Co.    On April 29, 1881, two months and twenty-two days after this trial, by giving and rendition of the verdict, Judge Kershaw signed a certificate of the verdict of the jury accompanied with the testimony, some of which was taken by commission and some by the Master, and also the notes of oral testimony taken on the trial by the jury before

him. Judge Kershaw also certified that he saw " no reason for being dissatisfied with the verdict." The cause was found by me on Calendar No. 1 and Calendar No. 2, and I marked it, "Heard on both." It was heard by me, however, only on a *motion* on *notice* by the assignees of Jennings, Smith & Co., who have been made parties, " for judgment in accordance with the verdict of the jury rendered herein." Counsel for the motion insisted on his right to have this motion heard and disposed of on Calendar No. 1. Plaintiff's counsel claimed the right to go into the whole case anew, and have the case heard in full upon testimony as an equity cause on Calendar No. 2.

Until the motion for judgment is disposed of, I did not think it proper to complicate the case by hearing any motion on the part of the plaintiff as to the mode of trial or character of the testimony he expected to introduce."

The Circuit Judge proceeds to consider the propositions involved in the motion as touching questions of jurisdiction and practice, and renders judgment refusing the motion to enter up judgment on Calendar No. 1 in accordance with the verdict of the jury, holding that the cause is still open for a final hearing on Calendar No. 2.

In this he is correct. The confusion which has arisen upon the practice in such cases as the present, and which has brought the question so often to this court, arises from the blending by statute of the courts of law and equity into one, and of all actions, legal and equitable, into one, denominated *civil action*. To avoid this confusion and doubt in matters of jurisdiction and practice we should keep clearly in mind the distinction between an action in which a legal right is sought to be enforced or wrong redressed, and one in which the relief demanded is equitable, and the forms of trial prescribed in these actions respectively. This can best be done by regarding the Court of Common Pleas, whilst hearing the first class of cases, a court of law, and whilst hearing the last class of cases, a court of equity. In the court of law trial by jury is demandable as a matter of right in actions there pending, and judgment on verdict of the jury must be entered, and generally without motion.

In a court of equity the relief demanded is obtainable only on judgment or decree of the Court, and trial by jury is not demandable as a matter of right. It is discretionary with the Judge whether any or all the issues of fact arising in a civil action for equitable relief shall be referred to a jury for determination. If an issue be referred, the verdict of the jury though entitled to great weight, so much so, that it will be, and ordinarily is accepted as conclusive of the issue of fact, yet it is not absolutely binding on the conscience of the Judge, but may be accepted or rejected by him according to the conclusion he may have arrived at upon hearing the evidence, if he presided at the trial, or may form from a careful review thereof, if certified to him by the Judge who did preside at the trial of the issues. But whether he be the Judge who tried the issues of fact on Calendar 1, before a jury, and then heard the whole cause on Calendar 2, on the equity side of the court, or whether he only hears the cause on the latter calendar, with the verdict of the jury and the evidence on which it rests certified to him by the Circuit Judge who presided at the trial of the issues on Calendar 1; in neither instance can he enter up judgment on the verdict, nor order it to be done, but must grant or refuse the relief demanded, according to his own findings of fact and conclusions of law upon a full hearing of the whole cause on its merits on Calendar 2, on the equity side, so to speak, of the court.

At such a hearing, whilst it would be an unusual thing for the Judge to hear further testimony upon the issues passed upon by the jury, yet he has the power to do so, and for good and satisfactory cause shown, would do so. It is for his judgment to be convinced and his conscience to be satisfied before he grants or refuses the relief demanded; and to this end the services of jury are often invoked with great advantage to the ends of justice; and the verdict is generally entitled to great respect, and ordinarily will be suffered to prevail in fixing the facts of the case referred for determination.

This Court has in a series of decisions announced and endeavored to make clear the law which under our present system governs questions of jurisdiction and the rules of practice in

the trial and final determination of equitable actions like the present, in which issues of fact are referred to a jury. *Sloan* v. *Westfield,* 11 *S. C.* 448; *C. C. & A. R R. Co.* v. *Earle,* 12 *S. C.* 54; *Ivy* v. *Clauson,* 14 *S. C.* 273, and authorities there cited; *Grierson* v. *Harman,* 16 *S. C.* 618; *Ostendorff* v. *Brown,* 15 *S. C.* 616; are some of the series of cases in which this Court has prescribed the rule of practice and jurisdiction controlling Circuit Judges in determining actions for equitable relief, where the parties on motion, or the Court of its own accord, have invoked the aid of a jury in deciding questions of fact.

The present action seeks to foreclose a mortgage and sell the mortgaged premises, and therefore demands equitable relief. The defence of the judgment creditors is that the mortgage is as to them fraudulent and void, and they ask that it be by the Court so adjudged and vacated accordingly. The relief here sought is affirmative and equitable, and can no more be had upon the verdict of a jury solely that can the relief demanded by the plaintiff. The cause was placed on Calendar No. 1, for the sole purpose of having a jury to determine the issues of fact referred to them. Upon the rendition of that verdict, the cause on that calendar was ended, and was not open to a motion for a judgment on verdict. After this finding of the jury the only proper place for the cause was on Calendar 2; upon the call of which, the whole cause, embodying this verdict and the material to support it, stood for full hearing and final decree of the Judge, sitting as chancellor. At such hearing on Calendar 2 the Judge, as Chancellor, could not have granted a motion for " judgment in accordance with the verdict, " but could only, after a full hearing of the whole case, have granted or refused the relief demanded according to the view he may have taken of the verdict of the jury. He could affirm or disregard it according to his own convictions, and shape his decree accordingly.

We only speak of the Judge's powers and jurisdiction, and the practice in such cases, and design to say nothing which may restrain the Judge before whom this cause may come for further hearing on the circuit, in so far as his discretionary

powers may be involved in the details of the hearing and adjudging of the cause. Our purpose has only been to reiterate our views upon the questions of jurisdiction and practice involved in this appeal, and place the action in its present stage in a proper attitude and status in the court below. The appeal of the defendants, which seeks to reverse the judgment below, and to obtain leave to enter up judgment for the appellants on Calendar No. 1, in accordance with the verdict of the jury, without further hearing, of the cause on Calendar No. 2, cannot be sustained.

Wherefore it is the judgment of this Court that the appeal be dismissed, and the action be remanded to the Circuit Court for a hearing in accordance with the principles herein announced.